IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In re: LEE ROTHMAN ) | |
| **Debtor(s)** ) | |
| ) | CHAPTER 13 |
| UNIVEST BANK AND TRUST CO. ) | |
| **Moving Party** ) | Case No.: 22-11660 (AMC) |
| ) | |
| v. ) | |
| ) | **Hearing Date:  10-29-24 at 11:00 AM** |
| LEE ROTHMAN ) | |
| JONI A. ROTHMAN ) | 11 U.S.C. 362 |
| **Respondent(s)** ) | |
| ) | 11 U.S.C. 1301 |
| KENNETH E. WEST ) | |
| **Trustee** ) | |
| ) | |
| ) | |

**STIPULATION OF SETTLEMENT OF MOTION OF UNIVEST BANK & TRUST FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY**

This matter having been brought before the Court on a Motion For Relief From The Automatic Stay And Co-Debtor Stay by William E. Craig, Esquire, attorney for Univest Bank & Trust Co. ("Univest"), and the Debtor having opposed such Motion through her counsel, Brad J. Sadek, Esquire, and the parties having resolved said Motion as hereinafter set forth and by the agreement of all counsel the parties hereby stipulate;

1. That Univest is a secured creditor of the Debtor in regards to a Note And Security Agreement and Mortgage secured by real property known as 1015 Longfield Road, Southampton, PA 18966.

2. That the parties stipulate that the Debtor's account with Univest is past due for the net loan balance of $6,468.59.  That with the addition of counsel fees and costs for the instant Motion in the amount of $549.00, the total amount to be cured is $7,017.59.

3. That the Debtor is to cure the arrearage set forth in paragraph two (2) above through his Chapter 13 Plan.

4. That commencing November 2024, if the Debtor fails to make any payment to the Chapter 13 Trustee within thirty (30) days after it falls due, Univest may send, via electronic mail to the Debtor's attorney, and regular mail to the Debtor, written notice of default of this Stipulation.  If the default is not cured within ten (10) days

of the date of the notice, counsel may file a Certification of Default with the Court and serve it on all interested parties, and the Court shall enter an Order granting relief from the automatic stay and co-debtor stay.

5.  That Univest shall only be required to send two (2) notices of default under paragraph four (4) above.  For any subsequent default, Univest  may file a Certification of Default with the Court and serve it on all interested parties, and the Debtor may only oppose same on the basis that payments were timely made, and by attaching proof of payments made timely under the terms of this Stipulation.

6.  That the parties agree that a facsimile signature shall be considered an original signature.

 We hereby agree to the form and entry of this Order:

/s/ Brad J. Sadek
Brad J. Sadek, Esquire
Attorney for the Debtor


/s/ William E. Craig
William E. Craig, Esquire
Attorney for Univest Bank & Trust Co.